# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 13, 2004

## STATE OF TENNESSEE v. RODERICK DAVIS

**Appeal from the Criminal Court for Shelby County**
**No. 99-08211, 12     J. C. McLin, Judge**

---

**No. W2002-02338-CCA-R3-CD  - Filed December 13, 2004**

---

DAVID G. HAYES, Judge, dissenting, with regard to sentencing modification.

The majority concludes that modification of the defendant's sentences for especially aggravated robbery and aggravated burglary is required in light of *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (2004).  I must respectfully dissent.

I find any sentencing challenge available to the defendant under *Blakely* is waived because no objection to the admissibility of the now questioned sentencing evidence was raised at the trial level.  *See* Tenn. R. App. P. 36(a).  Moreover, no *Blakely* violation is asserted on appeal.  *See* Tenn. R. App. P. 13(b).   In *Blakely*, the Supreme Court clarified and extended the rule previously expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), with regard to the term "statutory maximum."  Clearly, the defendant could have raised this issue under *Apprendi* at the trial level as did the defendant Blakely; however, this was not done.  I see no valid reason to abandon well-established rules of appellate procedure to accommodate an *Apprendi/Blakely* violation, particularly in view of the Supreme Court's recent decision in *United States v. Cotton*, 535 U.S. 625, 122 S. Ct. 1781 (2002).  In *Cotton,* the Supreme Court held, after its decision in *Apprendi*, that the defendant's claim of right to a trial and finding by a jury on a fact to enhance the defendant's sentence was forfeited because it was not raised at trial.  *Id.* at 631-34, 122 S. Ct. at 1785-87.  Moreover, the Supreme Court has held:

> (1) the *Apprendi* rule is *not* a substantive rule that alters the range of conduct or the class of persons that the law punishes; rather, it is a procedural rule that affects only the manner of determining the defendant's culpability, and (2) the *Apprendi* rule is *not* a "watershed rule of criminal procedure" that implicates the fundamental fairness and accuracy of criminal proceedings.

*People v. George Carl Sample*, 122 Cal. App. 4th 206, 220, 18 Cal. Rptr. 3d 611, 620 (Cal. Ct. App. 2004) (quoting *Schriro v. Summerlin,* __ U.S. __, 124 S. Ct. 2519, 2520-21 (2004)).  Furthermore,

review and modification of the defendant's sentence for the first time on appeal not only has the effect of removing the trial court as the primary sentencing court, it also denies the State the opportunity to be heard in the sentencing decision. Accordingly, I find the *Blakely* issue waived.

Because the issue is waived, it is reviewable only under the discretionary authority of plain error. *See* Tenn. R. Crim. P. 52(b). Rule 52(b) provides, "[a]n error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice." This court is permitted to correct an error not raised before the trial court only when (1) the lower record is clear, (2) a clear rule of law has been breached, (3) a substantial right has been affected, (4) the waiver was non-tactical, and (5) consideration of the error is necessary to do substantial justice. *State v. Smith*, 24 S.W.3d 274, 282-83 (Tenn. 2000) (adopting the test articulated by this court in *State v. Adkisson*, 899 S.W.2d 626, 642 (Tenn. Crim. App. 1994)). The asserted "'plain error' must [have been] of such a great magnitude that it probably changed the outcome of the trial." *Adkisson*, 899 S.W.2d at 642.

Applying *Blakely*, the majority concludes that four statutory sentencing enhancers are inapplicable to the defendant's sentences: (1) the defendant was a leader in committing the offenses, (2) the defendant had a previous history of unwillingness to comply with conditions of a sentence involving release, (3) the crimes were committed while the defendant was on bail for another felony, and (4) the defendant was previously adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult. *See* Tenn. Code Ann. § 40-35-114(3), (9), (14), (21) (2003).

As evidenced by the record, the proof presented at the sentencing hearing supporting these four enhancers would clearly have permitted imposition of an enhanced sentence by an empaneled jury. In view of these circumstances, the defendant has failed to establish that consideration of the error is "necessary to do substantial justice" or that the alleged error changed the outcome of the sentencing decision. *See United States v. Stephen Savarese*, 2004 U.S. App. LEXIS 19824, No. 04-1009 (1ˢᵗ D. Sept. 22, 2004). The distinction between harmless error analysis and error assigned on appeal cannot be overlooked. *See Cotton*, 535 U.S. at 1786, 122 S. Ct. at 633 (affirming enhancement of the defendant's sentence following plain error analysis notwithstanding presence of *Apprendi* error).

Because I find the record supports application of the four enhancing factors, no "substantial right has been affected." Accordingly, I would affirm the defendant's twenty-four-year sentence for especially aggravated robbery. With regard to the defendant's conviction for aggravated burglary, I would remand for resentencing..

_____
David G. Hayes, Judge